**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| EUGENIA LYASHENKO, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Eugenia Lyashenko, by her attorneys Kreindler & Kreindler LLP, as and for his complaint against Defendant, United Airlines, Inc., alleges the following:

## THE PARTIES

1.      Plaintiff, Eugenia Lyashenko, is a Massachusetts resident.

2.      Defendant, United Airlines, Inc. ("United"), is a Delaware corporation with its principal place of business in Chicago, Illinois.

3.      At all relevant times, Defendant United was and is a common carrier engaged in the business of transporting passengers for hire by air.

## JURISDICTION AND VENUE

4.      Plaintiff, Eugenia Lyashenko, invokes the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1331, because this case presents a federal question pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

5.      This Court has subject matter jurisdiction under Article 33 of the Montreal Convention because Defendant United sold plaintiff the tickets for the flight in the United States, the destination of Plaintiff's itinerary was the United States, Defendant's domicile and principal

place of business is the United States, and Plaintiff's principal and permanent resident is in the United States and Defendant operates services for the carriage of passengers by air in premises it owns or leases in the United States.

6.      This Court has personal jurisdiction over Defendant United under the Massachusetts Long-Arm Statute because the plaintiff's cause of action arose out of United's tortious conduct occurring in Massachusetts that caused tortious injury in Massachusetts. Personal jurisdiction is properly exercised over Defendant United under the Due Process Clause of the United States Constitution because United purposefully and voluntarily conducted the operation of the subject flight and subject airplane in Massachusetts causing the plaintiff's injuries in Massachusetts, conducts continuous and substantial business in Massachusetts, and the plaintiff's cause of action is sufficiently related and connected to United's purposeful conduct in Massachusetts.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### CLAIM FOR PERSONAL INJURIES
### PURSUANT TO THE MONTREAL CONVENTION

8.      On June 21, 2023, Defendant United operated and controlled a commercial airplane, designated as United Airlines Flight 24 from Logan International Airport in Boston, Massachusetts, to Heathrow Airport in London, England, the United Kingdom (the "subject flight").

9.      Plaintiff Eugenia Lyashenko was a passenger on the subject flight and was traveling on an international itinerary on flights operated by Defendant United from Logan International Airport in Massachusetts to Heathrow Airport in the U.K., then returning the same way with a destination of Logan International Airport, Massachusetts.

10.    Defendant United conducted the subject flight on an airplane (the "subject airplane") that it owned, leased, operated, staffed, or otherwise controlled.

11.    Defendant United was responsible for the operation, service, maintenance, inspection, and/or repair of the subject airplane.

12.    Defendant United was responsible for the training, management, supervision, and/or control of the flight crew aboard the subject flight, including, but not limited to, the crew's adherence to standard safety policies and protocol.

13.    Defendant United by and through its flight crew on the subject flight was responsible for conducting pre-flight checks to identify and mitigate potential hazards to passengers.

14.    Defendant United by and through its flight crew owed its fare paying passengers, including but not limited to Plaintiff Eugenia Lyashenko, a duty to ensure that the boarding process, including but not limited to the stowing of luggage in the overhead bins, was accomplished safely.

15.    Plaintiff Eugenia Lyashenko was a fare-paying passenger lawfully aboard the subject flight.

16.    Plaintiff Eugenia Lyashenko was seated in an aisle seat in economy class on the subject flight when a heavy roller suitcase being stowed by another passenger during boarding fell from the open overhead bin and struck her in the head, shoulder and back, causing her serious head, neck and back injuries.

17.    Defendant United should not have allowed other passengers to struggle with stowing heavy roller suitcases in the overhead bins without intervening to ensure that it was done properly and safely.

18.     The crew of the subject flight should have intervened and/or assisted to ensure that the luggage was safely lifted, placed, and stowed in the overhead bin and the failure to do so contributed to the accident.

19.     Plaintiff Eugenia Lyashenko suffered physical and psychological injuries caused by an "accident" pursuant to Article 17 of the Montreal Convention, because an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's internal reaction to the normal operation of the aircraft.

20.     As a result of the aforesaid accident, Plaintiff Eugenia Lyashenko has suffered serious physical injuries, including, but not limited to, head, neck and back pain, which has had a lasting and debilitating impact on her day-to-day activities.

21.     As a result of the aforesaid accident, Plaintiff Eugenia Lyashenko has suffered great pain, agony and mental anguish, stress, depression and in the future shall continue to suffer from same.

22.     As a result of the aforesaid accident, Plaintiff Eugenia Lyashenko has suffered significant difficulties continuing with her professional activities, including but not limited to being unable to sit or stand for extended periods.

23.     As a result of the aforesaid accident, Plaintiff Eugenia Lyashenko needed to expend money on medical treatment and in the future shall continue to expend sums of money on same.

24.     As a result of the aforesaid accident, Plaintiff Eugenia Lyashenko lost enjoyment of life, pursuits, and interests and in the future shall continue to suffer those losses.

25.     As a result of the foregoing, Defendant United is liable to pay full, fair, and reasonable compensatory damages to Plaintiff Eugenia Lyashenko.

26.     Defendant United cannot meet its burden under Article 21(2)(a) of the Montreal Convention of proving that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff Eugenia Lyashenko or its burden under Article 21(2)(b) of the Montreal Convention of proving that the injuries suffered by the Plaintiff were caused solely by the acts of third parties.

WHEREFORE, Plaintiff Eugenia Lyashenko hereby demands judgment against Defendant in an amount that fully compensates her for her injuries as determined at trial, together with interest, costs and disbursements of this action.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff Eugenia Lyashenko hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Eugenia Lyashenko

Dated: May 16, 2025

By her attorneys,
KREINDLER & KREINDLER LLP

*/s/ Joseph P. Musacchio*
Joseph P. Musacchio BBO #  365270
855 Boylston Street
Boston, MA 02116-2805
(617) 424-9100
jmusacchio@kreindler.com

Vincent C. Lesch (*pro hac vice pending*)
485 Lexington Avenue
New York, NY 10017
(212) 687-8181
vlesch@kreindler.com